UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

ABDULLAH AHMADI,
Petitioner,

v.

DANIEL BRIGHTMAN, Acting San Diego Field Office Director, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; CHRISTOPHER J. LAROSE, Warden of Otay Mesa Detention Center; TODD M. LYONS, Acting Director of U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of Homeland Security,
Respondents.

Case No.: 3:26-cv-05933-LEK-MMP

**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS & ORDER TO SHOW CAUSE WITHIN THREE DAYS**

Before this Court is Petitioner Abdullah Ahmadi's ("Petitioner") Petition for Writ of Habeas Corpus & Order to Show Cause Within Three Days ("Petition"), filed on October 17, 2026. [Dkt. no. 1.] Petitioner filed a declaration in support of the Petition on October 20, 2026 ("Ahmadi Declaration"). [Dkt. no. 3.] The respondents, identified in the Petition as Daniel Brightman, Acting San Diego Field Office Director, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement ("ICE"); Christopher J. LaRose, Warden of Otay Mesa Detention Center; Todd M. Lyons, Acting Director of ICE; and Markwayne Mullin, Secretary of Homeland Security (collectively "Respondents"), filed a response to the Petition ("Response") on October 26, 2026. [Dkt. no. 6.] Also on October 26, 2026, Petitioner filed a traverse ("Traverse"). [Dkt. no. 7.]

**BACKGROUND**

Petitioner, a citizen of Afghanistan, entered the United States on April 13, 2024 and applied for admission. See Ahmadi Decl. at ¶¶ 3-4; see also Petition, Exh. B (pg. 1 of U.S. Department of Homeland Security ("DHS") Notice to Appear, DHS Form I-862, dated 4/13/24). Petitioner was issued a Form I-94 and granted parole into the United States until April 12, 2026. See Petition at ¶ 10; id., Exh. C (screenshot of U.S. Customs and Border Protection website showing information regarding Petitioner's Most Recent I-94). In addition, removal proceedings were initiated against Petitioner, but on May 31, 2024, the immigration court granted Petitioner and DHS's joint motion to dismiss the removal proceedings. See Petition at ¶¶ 10-11; id., Exh. D (United States Department of Justice Executive Office for Immigration Review San Diego Immigration Court, Order on Motion to Dismiss, dated 5/31/24).

Petitioner received employment authorization that was valid through May 26, 2030. See Ahmadi Decl. at ¶ 4; Petition, Exh. F (Petitioner's Employment Authorization card). On October 16, 2026, officers in plain clothes encountered Petitioner in Lakeside, California, after he dropped off his daughter at Grossmont College, and arrested him without presenting a warrant. See Ahmadi Decl. at ¶¶ 6-7. Petitioner asserts that Respondents provided no prior notice explaining why he was being detained, no opportunity to be heard, and no individualized determination regarding re-detention. See id. at ¶ 17; Petition at ¶ 17. Petitioner was detained at ICE's San Diego Field Office when the Petition was filed, see Petition at ¶ 6, but appears to now be detained at the Otay Mesa Detention Center in San Diego, California, see Ahmadi Decl. at ¶¶ 13-14.

Petitioner's primary argument is that his re-detention violates his due process rights. See Petition at pgs. 9-13. Petitioner also argues that his re-detention violates Title 8 United States Code Section 1357(a)(2) and Title 8 Code of Federal Regulations Section 287.8(c)(2)(ii). See id. at pgs. 13-16. Petitioner further argues that his re-detention violates Title 8 United States Code Sections 1182(d)(5)(A),

1225(b)(2)(A), and 1226(a), and their implementing regulations. See id. at pgs. 17-20. Petitioner alleges he is entitled to, *inter alia*, immediate release. See id. at pg. 21.

Respondents assert "that Petitioner is subject to mandatory detention under § 1225(b)(2)." [Response at 2.] They also assert that Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026), does not apply to Petitioner. See id. Nevertheless, Respondents "acknowledge[] that this Court's prior decisions will control the result here if the Court adheres to its prior decisions." [Id. at 2-3 (citing cases).] They also admit that they "have insufficient information regarding termination of [Petitioner's] parole, pursuant to 8 C.F.R. § 212.5(e)(2), to provide to the Court." [Id. at 2.] Accordingly, Respondents "do[] not oppose the petition and defer[] to the Court on the appropriate relief." [Id. at 3.]

## DISCUSSION

This Court assumes, without deciding, that the mandatory detention procedures of Section 1225(b)(2) govern Petitioner's detention. While Respondents assert that this Court should decline to address Petitioner's due process arguments, see Response at 3 n.2, they do not assert that this Court should deny Petitioner's request for immediate release. This Court construes Respondents' non-opposition to Petitioner's request for immediate release as a concession that Petitioner's detention violates his due process rights.

In Noori v. LaRose, 807 F. Supp. 3d 1146 (S.D. Cal. 2025), this district court ruled that the respondents violated the petitioner's Fifth Amendment due process rights when the respondents revoked the petitioner's parole by sending a mass, generic notification one morning and arresting the petitioner later that day at his immigration hearing. Id. at 1155, 1166. This district court concluded that the petitioner had "a protectable expectation of his due process rights in his removal proceedings and the fair procedures this country guarantees. . . . Particularly, he was entitled to both notification of revocation and the reasoning for revocation, if not also an opportunity to be heard and

contest the determination." Id. at 1165. The district court ordered the petitioner's immediate release. Id. at 1154.[1]

In the instant action, Petitioner received even less due process than the petitioner in Noori. Petitioner received no notification or individualized reason as to why his parole was being revoked before he was summarily detained on October 16, 2026. See Ahmadi Decl. at ¶¶ 6-9. Nor have Respondents explained, even after they filed the Response, what circumstances have changed to warrant Petitioner's detention.[2] Providing

---

[1] The district court had previously issued a truncated order ordering the petitioner's immediate release. See Noori, 807 F. Supp. 3d at 1154. The 807 F. Supp. 3d 1146 order was issued to "provide[] a fuller legal analysis and legal basis for the September 26, 2025 Order." Id.

[2] Respondents appear to suggest, without expressly arguing, that the expiration of Petitioner's parole reverts the authority for his detention to Section 1225(b)(2). See Response at 2 n.1 (citing 8 U.S.C. § 1182(d)(5)(A); Matter of Q. Li, 29 I. & N. Dec. 66, 69-70 (BIA 2025)). Even if Respondents had expressly advanced this argument, "many courts in the Ninth Circuit [Court of Appeals] have held that the expiration of parole does not extinguish a petitioner's entitlement to due process." See Aliyev v. LaRose, Case No.: 3:26-cv-01119-CAB-JLB, 2026 WL 699818, at *2 (S.D. Cal. Mar. 12, 2026) (citing cases). In other words, a petitioner's private interest does not expire along with his or her parole agreement. See, e.g., Nayem v. LaRose, Case No.: 26-cv-777-RSH-DEB, 2026 WL 915023, at *3 (S.D. Cal. Apr. 3, 2026); Tunaca-Galindo v. Att'y Gen. of United States, Case No.: 26cv2226-LL-BJW, 2026 WL 1229587, at *2 (S.D. Cal. May 5, 2026); see also Omer G.G. v. Kaiser, 815 F. Supp. 3d 1098, 1109 (E.D. Cal. 2025) (stating the "petitioner's liberty interest did not expire along with his parole"). The expiration of one's parole "does not somehow obviate the need for the government to provide an individualized hearing prior to detaining the parolee." L.M. v. Noem, Case No. 2:25-cv-02194-RFB-BNW, 2026 WL 103231, at *13 (D. Nev. Jan. 14, 2026) (citing Ramirez Tesara v. Wamsley, 800 F. Supp. 3d 1130, 1136 (W.D. Wash. 2025)).

Petitioner a bond hearing would not remedy the Fifth Amendment violation he has already experienced. Only release from detention can accomplish that now.[3]

Petitioner has also requested that this Court award him attorney's fees and costs. See Petition at pg. 22. This Court will consider an application requesting reasonable attorney's fees and costs that is filed within thirty days of the entry of judgment. This Court, therefore, denies Petitioner's request for attorney's fees and costs without prejudice.

## CONCLUSION

For the foregoing reasons, Petitioner Abdullah Ahmadi's Petition for Writ of Habeas Corpus & Order to Show Cause Within Three Days, filed October 17, 2026, is GRANTED IN PART AND DENIED IN PART. The Petition is GRANTED insofar as Respondents are ORDERED to release Petitioner from custody **no later than twenty-four hours from the filing of this Order** under the same conditions that existed immediately prior to Petitioner's detention on October 16, 2026. Respondents are also ORDERED to return Petitioner's identification documents and property upon his release.

Further, Respondents are ENJOINED AND RESTRAINED from: re-detaining Petitioner unless Respondents demonstrate, by clear and convincing evidence at a pre-deprivation hearing before a neutral decisionmaker, that Petitioner presents a flight risk or danger to the community such that his physical custody is legally justified; placing Petitioner in an Alternatives to Detention program; and placing an ankle monitor on Petitioner upon his release. The Petition is DENIED WITHOUT PREJUDICE as to Petitioner's request for attorney's fees and costs.

---

[3] In light of this Court's determination that Petitioner is entitled to immediate release, this Court need not address the other claims in the Petition. See Petition at pgs. 13-20.

The Clerk's Office is DIRECTED to enter judgment and close this case on **November 17, 2026**, unless Petitioner files a notice informing this Court that Respondents failed to comply with this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 9, 2026.

/s/ Leslie E. Kobayashi

Leslie E. Kobayashi
Senior U.S. District Judge

**ABDULLAH AHMADI VS. DANIEL BRIGHTMAN ET AL.; CASE NO. 3:26-CV-05933-LEK-MMP; ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS & ORDER TO SHOW CAUSE WITHIN THREE DAYS**